# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TEDDI R. RACHON,

        Plaintiff,

v.                                          Case No. 6:20-cv-1513-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

### I.  Status

Teddi R. Rachon ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "neck, arm, and shoulder problem[s]," "inflammatory bowel problem[s]," "apnea sleeping problem[s]," and a "learning disability." Transcript

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 20), filed March 4, 2021; Reference Order (Doc. No. 21), signed March 5, 2021 and entered March 9, 2021.

of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed February 25, 2021, at 66, 79, 205 (some capitalization and emphasis omitted). Plaintiff filed an application for DIB on June 20, 2017, alleging a disability onset date of June 14, 2016.[3] Tr. at 181-87. The application was denied initially, Tr. at 66-76, 77, 94, 95-97, and upon reconsideration, Tr. at 78-92, 93, 105, 106-11.

On September 24, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 31-65. Plaintiff was fifty years old at the time of the hearing. Tr. at 36. On November 26, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 160-62 (request for review). On June 22, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 20, 2020, Plaintiff commenced this action under 42

---

[3] Although actually filed on June 20, 2017, see Tr. at 181, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as June 14, 2017, see, e.g., Tr. at 66, 79.

U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in evaluating the medical opinion evidence of treating surgeon Joseph E. Rojas, M.D.; examining physician Geoffrey Stewart, M.D.; treating physician Gary M. Weiss, M.D.; and non-examining state-agency consultants Loc Kim Le, M.D. and Stephen Hirshorn, M.D. Joint Memorandum (Doc. No. 25; "Joint Memo"), filed July 14, 2021, at 22-32. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-24. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since June 14, 2016, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: cervical herniated nucleus pulposus with right C5 radiculopathy (DDD); left carpal tunnel syndrome, status-post release; right shoulder degenerative AC joint, status-post arthroscopic repair." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) in which he can lift and/or carry a maximum

>of 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to 6 hours total during an 8 hour workday; sit for up to 6 hours during an 8 hour workday, except: he could frequently reach overhead with the right upper extremity; occasionally perform gross and fine manipulation with the left upper extremity; he must avoid work involving unprotected heights, hazards, dangerous machinery, and climbing ropes, ladders and scaffolds.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "groundskeeper." Tr. at 23 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("46 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "usher," "sandwich board carrier," and "school bus monitor." Tr. at 24 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 14, 2016, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by

'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

### A. Governing Legal Authority

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding

the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed his DIB application after that date, the undersigned applies the revised rules and Regulations.

Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's

policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3). When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even

those that are not 'severe.'" Social Security Ruling ("SSR") 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

**B. Analysis**

Plaintiff contends the ALJ erred in evaluating various medical opinions: those of treating surgeon Dr. Rojas; examining physician Dr. Stewart; treating physician Dr. Weiss; and non-examining state-agency consultants Dr. Le and Dr. Hirshorn. Joint Memo at 22-32.[5] Responding, Defendant contends the ALJ appropriately evaluated the opinions under the revised Regulations, and the ALJ's analysis is supported by substantial evidence. Id. at 32-51.

By way of background, Plaintiff injured his shoulder and neck at work in approximately September 2014 and filed a worker's compensation claim. See

---

[5] Plaintiff recognizes the revised Regulations apply to his claim, but he also contends at various points in his argument that the Court should rely on various cases that interpreted the old regulations. See Joint Memo at 23-24, 31-32. The undersigned applies the revised Regulations. The undersigned has considered the cases cited by Plaintiff to the extent they are still applicable.

Tr. at 38, 168-69.[6] In February 2015, Dr. Rojas performed an arthroscope of the right shoulder with acromioplasty, partial claviculectomy, and labral repair. See, e.g., Tr. at 169, 462-63. Dr. Rojas monitored Plaintiff's progress pre- and post-surgery and rendered a number of opinions regarding Plaintiff's functioning in connection with his worker's compensation claim. See generally Tr. at 299-384, 424-892, 1540-52 (treatment records with embedded opinions), 1537-38, 1553-54 (opinions on provided forms). Dr. Stewart performed a one-time independent medical evaluation on October 4, 2016 in connection with Plaintiff's worker's compensation claim and opined on the effects of Plaintiff's injury. Tr. at 418-22, 865-70, 886-88, 1504-09, 1525-27. Dr. Weiss was a treating neurologist in 2019 (together with colleagues) and rendered an opinion on September 25, 2019 regarding Plaintiff's work-related limitations in connection with Plaintiff's instant DIB claim. Tr. at 1571-96 (medical records), 1597-98 (opinion). Dr. Le and Dr. Hirshorn reviewed the record for the instant DIB claim on July 20, 2017 and March 28, 2018, respectively, and rendered opinions regarding Plaintiff's work-related functioning. Tr. at 72-74 (Dr. Le's opinion), 87-90 (Dr. Hirshorn's opinion).

The ALJ summarized in detail the medical evidence and relevant opinions, although not always referring to the medical sources by name. Tr. at

---

[6] Much of the medical evidence in the administrative transcript is duplicated, sometimes multiple times. Some of these citations are to duplicate records.

20-23. As to Dr. Rojas' opinion rendered on both August 22, 2017 and February 20, 2018 that Plaintiff cannot perform any fine/gross manipulations on a sustained basis, see Tr. at 1538, 1554, the ALJ found it "unpersuasive and inconsistent with [Dr. Rojas'] own findings that [Plaintiff] has partial 4/5 grip strength, and the testimony of [Plaintiff] that he undertakes fairly normal activities, including rather rigorous activities of lifting and carrying 50 pounds," Tr. at 21-22. The ALJ also found as to the later opinion that it was "inconsistent with the evidence set forth [in the Decision] showing [Plaintiff] was in no distress and alleged minimal pain and had undergone carpal tunnel release, and in later treatment with Dr. Rojas he denied all sensory and motor disturbance." Tr. at 22 (citations omitted). Nevertheless, the ALJ noted she was imposing certain "limits regarding fine and gross manipulation" in the RFC. Tr. at 22.

As to Dr. Stewart's opinion that Plaintiff "has no evidence on physical exam of any significant cervical spine disease" and "requires no restrictions from a spine standpoint," Tr. at 419, the ALJ found the opinion "seems somewhat inconsistent with other substantial evidence of record and therefore not fully persuasive," Tr. at 21.

Dr. Weiss opined on September 25, 2019 that Plaintiff could not lift anything, could not perform any reaching above head, fine finger manipulation, handling/grasping, or pushing/pulling; would be off task 25 percent or more of

the time; and would be absent from work 3 or more times per month. Tr. at 1597-98. As to this opinion, the ALJ found it was "wholly unpersuasive and inconsistent with Dr. Weiss' own treatment notes showing normal motor and sensory evaluations without atrophy and little pain . . . aside from right shoulder." Tr. at 23. The ALJ also remarked that Plaintiff "himself testified to activities that refute the severe limitations placed by Dr. Weiss." Tr. at 23.

The ALJ instead found "persuasive and consistent with other evidence" the opinions of Dr. Le and Dr. Hirshorn that Plaintiff can perform a range of light work on a sustained basis. Tr. at 22.

The ALJ's evaluation of the various medical opinions at issue complies adequately with the revised Regulations, and her reasoning is supported by substantial evidence. Particularly compelling is Plaintiff's testimony that—despite the strong restrictions imposed by his treating doctors—he is able to do yardwork including mowing the lawn, pulling weeds, and taking care of chickens and cats, which requires lifting a 50-pound bag of chicken feed from a golf cart to a shed. Tr. at 43; see Tr. at 47.[7] As far as daily activities, Plaintiff

---

[7] Plaintiff testified this activity increases his pain level so he limits the amount of work; nevertheless, Plaintiff does this work "every afternoon" and typically spends two hours doing it. Tr. at 43-44. Plaintiff testified on a "bad day," he goes from "a three to a four to like maybe a six," presumably meaning a pain level of six, and his "hands aren't wanting to work right." Tr. at 45. Plaintiff testified he has these days about three or four days per week. Tr. at 46. Even if Plaintiff's testimony in this regard were fully credited, which the ALJ declined to do, see Tr. at 20, it would not necessarily be inconsistent with Plaintiff's assigned RFC of light work with additional restrictions for reaching and gross and fine manipulation, see Tr. at 19.

testified he helps his wife get his children ready for school in the morning, Tr. at 44, cooks and barbeques his own meals, Tr. at 45, and does the majority of the grocery shopping. Tr. at 45.

As the ALJ recognized at multiple points in the Decision, Plaintiff's ability to do these sorts of activities is not consistent with the severe limitations assigned by Dr. Rojas[8] and Dr. Weiss.[9] See Tr. at 20-23. Nor, as the ALJ found, are the opinions of Dr. Rojas and Dr. Weiss supported by the balance of the evidence or, in some respects, their own treating notes (despite Plaintiff's contentions to the contrary, see Joint Memo at 24, 26-31). See Tr. at 20-23. Dr. Stewart's opinion of no spinal functional limitations was appropriately found by the ALJ to be "not fully persuasive" in light of other evidence showing possible

---

[8] Plaintiff argues as to Dr. Rojas that the ALJ "does not even acknowledge that Dr. Rojas limited Plaintiff to only sedentary work." Joint Memo at 23. Embedded in Dr. Rojas' treatment notes are occasional references to "sedentary job restrictions." Tr. at 935; see also, e.g., Tr. at 933. Yet, in one of those same notes is the statement that Plaintiff "[c]ould not tolerate the restricted duties which included mowing, weed eating." Tr. at 933. Plaintiff's own testimony establishes that he can now tolerate those activities and Dr. Rojas wrote later opinions that did not include this "sedentary" restriction, so the reference to sedentary work restrictions seems to be outdated. Regardless, under the revised Regulations, the ALJ was not required to articulate how she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ was required to "articulate how [she] considered the medical opinions . . . from that medical source together in a single analysis using the [listed] factors, as appropriate." 20 C.F.R. § 404.1520c(b)(1). The ALJ adequately complied with this directive.

[9] Plaintiff argues as to Dr. Weiss that the ALJ failed to address the doctor's assertion that Plaintiff would be off task 25 percent or more of a day and would miss 3 or more days per week of work. Joint Memo at 31. The ALJ did recognize these restrictions in summarizing Dr. Weiss's opinion but did not specifically address them in finding the opinion "wholly unpersuasive," focusing instead on Plaintiff's ability to lift. Tr. at 23. Nevertheless, it is clear from context that the ALJ rejected the off task and absence restrictions as well. Remand for the ALJ to specifically say so would serve no useful purpose.

cervical radiculopathy. Tr. at 21. Rather, the ALJ found, and the record supports, that Dr. Le and Dr. Hirshorn's opinions of light work with additional restrictions are appropriate. See Tr. at 22. The ALJ did not err in evaluating the medical opinions.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 9, 2022.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record